IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JAMES HERMAN WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-1813-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| THE CITY OF PORTLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

James H. White
Good Samaritan Rehabilitation Center
1630 N. Edison Street
Stockton, California  95204

    Pro Se Plaintiff

James G. Rice
Deputy City Attorney
Office of City Attorney
1221 S. W. Fourth Avenue, Room 430
Portland, Oregon  97204

    Attorney for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

*Pro se* plaintiff James Herman White brings a complaint for violations of his Fourth, Fifth, Ninth and the Fourteenth Amendment rights, and for violations of the Americans with Disabilities Act, against defendants City of Portland, the Portland Police Bureau, three unknown police officers, and several individuals associated with a towing company. Before the court is defendant Portland Police Bureau's Motion to Dismiss.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and its test that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim"). A plaintiff does not need to allege detailed facts, but such a requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations and quotations omitted).

## DISCUSSION

Defendant Portland Police Bureau moves for dismissal arguing that it is not a distinct entity from the City of Portland and therefore cannot be sued. Defendant argues that the City undertakes its policing function through the Police Bureau.

Plaintiff has not responded.

Page 2 - OPINION AND ORDER

The Portland Police Bureau may not be sued separate and apart from the city under section 1983.  See e.g., Kleinman v. Multnomah County, No. 03-1723-KI, 2004 WL 2359959, at *9 (D. Or. Oct. 15, 2004); Keller v. City of Portland, No. 98-263-ST, 1998 WL 1060222, at *4 (D. Or. Nov. 13, 1998).  Accordingly, I grant defendant's motion to dismiss all claims pleaded against the Portland Police Bureau and I dismiss the Bureau as a defendant.

## CONCLUSION

For the foregoing reasons, the Portland Police Bureau's Motion to Dismiss (# 11) is GRANTED.  The Portland Police Bureau is dismissed with prejudice.

IT IS SO ORDERED.

Dated this      12th       day of August, 2008.


    /s/ Garr M. King
Garr M. King
United States District Judge